IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ET AL., | CIVIL NO. 17-00362 ACK-RLP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NERT SERVICES, INC. |
| vs. | |
| NERT SERVICES, INC., ET AL., | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION
FOR ENTRY OF DEFAULT JUDGMENT AGAINST NERT SERVICES, INC.[1]

Before the Court is Plaintiffs' Motion for Entry of Default Judgment Against Defendant Nert Services, Inc., filed on September 20, 2017 ("Motion"). ECF No. 9. Defendant was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. See ECF No. 9-8. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 10. After careful consideration of the Motion, the declaration, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

<u>BACKGROUND</u>

Plaintiffs filed their Complaint against Defendant on July 26, 2017.  ECF No. 1, Compl.  The Complaint alleges that Defendant entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. <u>Id.</u> ¶¶ 6-12.  Contributions were to be paid on or before due dates specified in the collective bargaining agreement.  <u>Id.</u> ¶ 8. Plaintiffs claim that Defendant failed to make required contributions.  <u>Id.</u> ¶ 13.  Plaintiffs claim they are entitled to liquidated damages, interest, 401(k) lost earnings interest, and attorneys' fees and costs.  <u>Id.</u> ¶¶ 13-18.  The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on September 8, 2017.  ECF No. 7.  The present Motion followed.

<u>ANALYSIS</u>

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court.  <u>Haw. Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment

as a matter of right.  <u>Valley Oak Credit Union v. Villegas</u>, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1)   the possibility of prejudice to the plaintiff;

    (2)   the merits of plaintiff's substantive claim;

    (3)   the sufficiency of the complaint;

    (4)   the sum of money at stake in the action;

    (5)   the possibility of a dispute concerning material facts;

    (6)   whether the default was due to excusable neglect; and

    (7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel</u>, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled.  <u>Fair Hous. of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002).  Also,

3

"necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

A.    **Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject matter jurisdiction over Plaintiffs' claim under ERISA.  See 29 U.S.C. §§ 1401(b)(1).  Second, the Court has personal jurisdiction over Defendant.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction.  Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). Here, Plaintiffs filed a return of service on July 31, 2017, noting that Defendant had been personally serve through its agent.  ECF No. 5.  This service is sufficient to establish jurisdiction over Defendant.

4

B.    <u>Eitel</u> Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the <u>Eitel</u> factors outlined above.  The Court will address each factor in turn.

1.    **The Possibility of Prejudice to Plaintiffs**

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  <u>See</u> <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first <u>Eitel</u> factor favors the entry of default judgment.

2.    **Merits of Plaintiffs' Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906.  Here, Plaintiffs brought this action against Defendant for liquidated damages and interest owed to Plaintiffs under the terms of the collective bargaining agreement.  <u>See</u> 29 U.S.C. §§ 1132(a), 1145; ECF No. 1 ¶¶ 7-13.  The terms of the collective bargaining agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees.  ECF No. 1 ¶ 12.  Defendant failed to make required contributions to Plaintiffs.  <u>Id.</u> ¶ 13.  The

5

Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant related to liquidated damages and interest. This factor weighs in favor of default judgment.

### 3.    Sufficiency of the Complaint

As detailed above, the allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint, which weighs in favor of default judgment.

### 4.    Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $24,037.18 for liquidated damages and interest and $2,839.42 in attorneys' fees and costs.  ECF No. 9-1 at 11. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to pay the required contributions. The Court finds that this factor weighs in favor of default judgment.

### 5.    Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and deny the allegations therein; Defendant has not

done so.  Because no dispute has been raised regarding
Plaintiffs' material factual allegations, the Court finds that
this factor favors default judgment.

### 6.    Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the
result of excusable neglect.  Plaintiffs served Defendant on July
31, 2017.  ECF No. 5.  Defendant did not file a response to
Plaintiffs' Complaint.  In addition, Plaintiffs served Defendant
with notice of this Motion.  ECF No. 9-8.  Despite ample notice
of this lawsuit and Plaintiffs' intention to seek a default
judgment, Defendant has not appeared in this matter to date.  The
record suggests that Defendant's default was not the result of
any excusable neglect, but rather due to Defendant's conscious
and willful decision not to defend this action.  Consequently,
this factor favors default judgment.

### 7.    Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint
makes a decision on the merits impractical, if not impossible.
Under Rule 55, "termination of a case before hearing the merits
is allowed whenever a defendant fails to defend an action."
PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris
USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D.
Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b)
indicates that the seventh Eitel factor is not alone

dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C. Damages

Plaintiffs request (1) $22,761.70 in liquidated damages; (2) $1,218.14 in interest and $57.34 in 401(k) lost earnings interest; and (3) $2,839.42 in attorneys' fees and costs. ECF No. 9-1 at 11. Each category of requested relief is addressed below.

### 1. Liquidated Damages

Plaintiffs seek liquidated damages of $22,761.70. In support of this amount, Plaintiffs submitted the declaration of Tracy Masuda, a contribution accountant with Plaintiff's administrator, and a summary of accounts receivable which reflects $22,761.70 in liquidated damages. ECF Nos. 9-6, 9-7. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are entitled to recover liquidated damages equal to twenty percent of delinquent trust fund contributions. See ECF No. 1-1 at 11; 29 U.S.C. § 1132(g)(2)(C).

8

Based on Plaintiffs' documentation, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established liquidated damages in the amount of $22,761.70.

### 2.    Interest

Plaintiffs seek $1,218.14 in interest and $57.34 in 401(k) lost earnings interest.  This amount is itemized in Ms. Masuda's declaration and is reflected on the summary provided by Ms. Masuda.  See ECF No. 9-6 ¶ 3; ECF No. 9-7.  The collective bargaining agreement and 29 U.S.C. § 1132(g)(2) provide that Plaintiffs are entitled to recover interest on the unpaid contributions.  See ECF No. 1-1 at 18-19; 29 U.S.C. § 1132(g)(2). Based on the documentation provided by Plaintiffs, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established damages in the amount of $1,218.14 in interest and $57.34 for 401(k) lost earnings interest.

### 3.    Attorney's Fees and Costs

An award of reasonable attorney's fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. Additionally, the collective bargaining agreement requires Defendant to pay "reasonable attorney's fees and costs." ECF No. 1-1 at 19.  Reasonable attorney's fees are generally based on the

9

traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000).  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  <u>See</u> <u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

Here, Plaintiffs request $2,054.08 for attorney's fees and costs already incurred.  ECF No. 9-2, ¶ 9.  However, the invoices submitted reflect a total of $2,067.70 in fees and costs.  <u>See</u> ECF No. 9-5.  The fees requested represent 6.1 hours of work performed by Jeffery Miller, Esq., at a rate of $250 per hour.  ECF No. 9-5.  Mr. Miller was admitted to the bar in 1988.  ECF No. 9-2 ¶ 11.  The Court finds that the hours requested for fees already incurred and Mr. Miller's requested hourly rate are reasonable.  Based on the invoices submitted with the Motion, the Court also finds that Plaintiffs are entitled to costs reasonably incurred in this action.  <u>See</u> ECF No. 9-5.

Plaintiffs also request $785.34 for anticipated attorney's fees and taxes for 3.0 hours for drafting the Motion and preparing the order and judgment.  ECF No. 9-2 ¶ 9.  Based on the Declaration of counsel, the Court finds that 2.5 hours of attorney's fees for finalizing and filing the present Motion are

reasonable.  See id. ¶ 10.  However, anticipated attorney's fees for preparing an order are not necessary considering there was no opposition to the Motion and the Court prepared the present order.  See id.  Accordingly, the Court finds that Plaintiffs are entitled to $654.45[2] in anticipated attorney's fees and taxes. In total, the Court finds that Plaintiffs are entitled to an award of $2,722.15 in attorney's fees and costs.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED as follows:

(1) Plaintiffs' request for default judgment against Nert Services, Inc. be GRANTED; and

(2) Plaintiffs be awarded damages in the amount of $22,761.70 for liquidated damages, $1,218.14 in interest, $57.34 in 401(k) lost earnings interest, and $2,722.15 in attorneys' fees and costs against Nert Services, Inc.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 18, 2017.

Richard L. Puglisi
United States Magistrate Judge

**HAW. CARPENTERS TRUST FUNDS, ET AL. v. NERT SERVICES, INC., ET AL.; CIVIL NO. 17-00362 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NERT SERVICES, INC.**

---

[2] 2.5 hours x $250.00 per hour = $625.00 in fees + $29.45 in general excise tax = $654.45.